# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FERDINANDO GALLINA, | : |
| Petitioner, | : Civ. No. 18-11359 (KM) |
| v. | : |
| JEFFERSON B. SESSIONS III, | : **MEMORANDUM OPINION** |
| Respondent. | : |

## KEVIN MCNULTY, U.S.D.J.

Petitioner, Ferdinando Gallina, is currently detained by the United States Marshals Service, at the Essex County Jail, in Newark, New Jersey, under 18 U.S.C. § 3186 and subject to a June 28, 2018, Opinion and Order of Extradition. On July 3, 2018, acting by way of counsel, he filed a petition for writ of habeas corpus, under 28 U.S.C. § 2241, seeking an order staying his extradition and, ultimately, denying his extradition under the Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment ("CAT"). For the reasons explained herein, Mr. Gallina's petition is dismissed for lack of subject-matter jurisdiction.

Mr. Gallina is a native and citizen of Italy and admits prior associations with the mafia in Sicily. (*See* Mem. of Law in Supp., ECF No. 1, at 9.) Following his release from an Italian prison called 41-*bis*, which Mr. Gallina describes as "a notorious prison for criminal defendants suspected of membership in organized crime," Mr. Gallina came to the United States in January 2016.[1] (*Id.* at 3, 10.) Following his departure, Mr. Gallina was charged in Italy with three

---

[1] Mr. Gallina has apparently been subject to removal proceedings for entering the country without having been admitted or paroled. An immigration judge granted an application for asylum, but the Board of Immigration Appeals ("BIA") subsequently vacated it and ordered removal. An appeal of the BIA's order is presently pending before the Court of Appeals for the Second Circuit. (*See* ECF No. 1 at 3–8.)

homicides. (*Id.* at 10; *see also* Pet., Ex. 7, Op. & Order of Extradition (June 28, 2018), ECF No. 1-29, at 1, 2–4.) The United States, at Italy's request, commenced extradition proceedings against Mr. Gallina on June 23, 2017. (ECF No. 1 at 8–9). Following a hearing on May 21, 2018, Magistrate Judge Leda Dunn Wettre issued an Opinion and Order of Extradition.[2] (*Id.* at 9; *see also* ECF No. 1-29.) With the government's consent, Magistrate Judge Wettre granted a seven-day stay of the order, which expired on July 5, 2018.

Mr. Gallina's petition essentially seeks a finding by this Court that his extradition to Italy, and his presumed subsequent return to the 41-*bis* prison, must be denied as it would violate CAT. In support of this, Mr. Gallina presents extensive arguments and exhibits that purport to show that the conditions of 41-*bis*—including extended solitary confinement and denial of access to psychological care, for the alleged purpose of obtaining information—constitute torture. (ECF No. 1 at 31–51.) Magistrate Judge Wettre did not address the CAT-related arguments prior to issuing the Opinion and Order of Extradition, finding that such arguments are within the purview of the executive branch, not the courts. (ECF No. 1-29 at 10–12 (citing *Hoxha*, 465 F.3d at 563).) As the Secretary of State has not issued a decision on Mr. Gallina's extradition, however, he acknowledges that a challenge to that decision is not yet ripe. (*See* ECF No. 1 at 16.) Accordingly, he asks for an immediate stay of this proceeding pending a decision by the Secretary of State, as well as a stay of his extradition, pending rulings on his habeas petition by both this Court and the Court of Appeals. (*Id.*)

---

[2] As the Third Circuit has explained, "In an extradition hearing, the court decides whether the defendant is subject to surrender to the requesting government, a determination that requires a finding as to whether probable cause supports the charges against the defendant. If probable cause is satisfied, the judge makes a finding of extraditability, and the case is certified to the Secretary of State for further action." *Hoxha v. Levi*, 465 F.3d 554, 560 (3d Cir. 2006) (citations omitted).

Mr. Gallina is correct that, under Third Circuit precedent, a challenge to extradition asserted under CAT, and its enacting statute, the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), will not be ripe unless and until after the Secretary of State has issued an extradition decision. *Hoxha v. Levi*, 465 F.3d 554, 564–65 (3d Cir. 2006) ("[T]he Secretary of State has yet to take any action on Petitioner's case, and may ultimately decide not to extradite Petitioner. Thus, Petitioner's claim under the APA is not ripe for review, and we decline to consider it at this time.").

Ripeness, of course, is a key component of a federal court's subject matter jurisdiction. *See Thompson v. Borough of Munhall*, 44 F. App'x 582, 583 (3d Cir. 2002) ("There must be a true and ripe case or controversy for a federal court to have jurisdiction over an action."); *Phila. Fed'n of Teachers v. Ridge*, 150 F.3d 319, 322–23 (3d Cir. 1998) ("The existence of a case and controversy is a prerequisite to all federal actions . . . . One aspect of justiciability is ripeness, which determines when a proper party may bring an action." (internal quotation marks and citations omitted)); *Travelers Ins. Co. v. Obusek*, 72 F.3d 1148, 1154 (3d Cir. 1995) ("Federal jurisdiction is also limited by the doctrine of 'ripeness'."). And "when a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998); *Berg v. Obama*, 586 F.3d 234, 242 (3d Cir. 2009).

Mr. Gallina's petition raises the argument that a hypothetical order of extradition would have to be reversed because it would violate CAT. He admits that this controversy is not yet ripe. His petition is accompanied by a motion to stay this habeas corpus action until the Secretary of State has acted, and he seeks a stay of that hypothetical extradition until such time as this court

3

and the United States Court of Appeals for the Third Circuit have ruled on the habeas petition (assuming it is restored to the calendar).

Without subject matter jurisdiction, however, I cannot proceed to any degree; the action must be dismissed. The dismissal, however, is without prejudice, and this action may be refiled if necessary. An appropriate order follows.

DATED: July 6, 2018

KEVIN MCNULTY
United States District Judge